UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN P. HALL, | ) | CASE NO. 4:18CV1088 |
| | ) | |
| Plaintiff, | ) | |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | GEORGE J. LIMBERT |
| | ) | |
| ANDREW M. SAUL[1], | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION & ORDER |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Sean P. Hall ("Plaintiff") requests judicial review of the final decision of the Commissioner of Social Security Administration ("Defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1. In his brief on the merits, Plaintiff asserts that substantial evidence does not support the administrative law judge ("ALJ")'s decision because the ALJ failed to follow the Commissioner's own rules and regulations by failing to admit into evidence the medical opinion of Plaintiff's treating cardiologist. ECF Dkt. #15. For the following reasons, the Court REVERSES the decision of the ALJ and REMANDS the instant case for the ALJ to consider and address Dr. Gorodeski's June 8, 2017 opinion evidence in conjunction with 20 C.F.R. §§ 404.935(b) and 416.1535(b).

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for DIB and SSI on August 4, 2015 alleging disability beginning August 3, 2012 due to an arachnoid cyst on the brain, diabetes, hypertension, high cholesterol, depression, anxiety, cardiomyopathy, congestive heart failure, constant headaches, and shortness of breath. ECF Dkt. #11 ("Tr.") at 140, 248-255, 285.[2] The Social Security Administration ("SSA")

---

[1]On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security, replacing acting Commissioner Nancy A. Berryhill.

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

denied his applications initially and upon reconsideration.  *Id.* at 171-184.  Plaintiff requested a hearing before an ALJ, and the ALJ held a hearing on May 10, 2017, where Plaintiff was represented by counsel and testified.  *Id*. at 31, 198-199.  A vocational expert ("VE") also testified.  *Id.* at 39.

On June 27, 2017, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI.  Tr. at 10-23.  Plaintiff requested that the Appeals Council review the ALJ's decision and the Appeals Council denied his request for review on March 8, 2018.  *Id*. at 1-6, 29, 244-247.

On May 11, 2018, Plaintiff filed the instant suit seeking review of the ALJ's decision.  ECF Dkt. #1.  He filed a merits brief on October 4, 2018 and Defendant filed a merits brief on December 18, 2019.  ECF Dkt. #s 15, 18.  Plaintiff filed a reply brief on January 2, 2019.  ECF Dkt. #19.

## II.    **RELEVANT PORTIONS OF ALJ'S DECISION**

On June 27, 2017, the ALJ issued a decision finding that Plaintiff had not engaged in substantial gainful activity since his onset date.  Tr. at 13.  The ALJ further found that since that date, Plaintiff had the severe impairments of: aortic insufficiency; chronic systolic/diastolic heart failure; congestive heart failure; non-ischemic cardiomyopathy; diabetes mellitus; hearing loss; left middle fossa arachnoid cyst; migraines; and obesity.  *Id*.  He further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Subpart P, Appendix 1.  *Id.* at 14-15.  After considering the record, the ALJ found that Plaintiff had the RFC to perform light work with the following limitations: never climbing ramps and stairs; frequently balancing, stooping, kneeling, crawling, and crouching; avoidance of concentrated exposure to loud and very loud noise; avoidance of concentrated exposure to dust, odors, fumes, and other pulmonary irritants; and avoidance of hazards such as unprotected heights and dangerous machinery.  *Id.* at 15.

Based upon Plaintiff's age, education, work experience, the RFC, and the VE's testimony, the ALJ determined that Plaintiff could not return to any of his past relevant work, but he could perform jobs existing in significant numbers in the national economy, such as the representative occupations of assembler, plastic hospital products, assembler, electrical accessories, and cashier

II.  Tr. at 21-22.  The ALJ thus found that Plaintiff had not been under a disability, as defined in the Social Security Act, and he was not entitled to DIB or SSI.  *Id.* at 22.

### III.  STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits.  These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see  20 C.F.R.  § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992).  The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step.  *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### IV.  STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g).  Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## V.    LAW AND ANALYSIS

Plaintiff's sole claim of error is that the ALJ's decision lacks substantial evidence because he failed to follow the Commissioner's own rules and regulations by not admitting into evidence the medical opinions of Plaintiff's treating cardiologist. ECF Dkt. #15. For the following reasons, the Court finds that it is unclear whether the ALJ applied the proper legal standards in this case and thus substantial evidence does not support his decision finding Plaintiff not disabled for social security purposes.

At the hearing before the ALJ held on May 10, 2017, the ALJ acknowledged that Plaintiff's counsel had properly submitted a letter dated May 3, 2017 indicating that outstanding medical records remained from the Cleveland Clinic and St. Elizabeth Hospital Medical Center. Tr. at 42. They discussed the letter and the outstanding medical records. *Id*. The ALJ thereafter stated:

> Counsel, as you know there's been a change in regulations where evidence needs to be submitted within five days of the hearing or at least listed for us five days prior to the hearing, which you did and we do have to make sure the documents and evidence are actively and diligently sought. Obviously, when we're talking about late April, there's not much chance of you obtaining those prior to the treatment actually occurring, so those will be admitted in addition to those that I already listed once I have a chance to review them if those dates matches the April 22nd, 2017,

-4-

admission, the same with the clinic assuming that those are recent documents subsequent to.

*Id*. at 43. At the close of the hearing, the ALJ again raised the topic of outstanding medical records and noted that "there are two treating documents that are very recent, therefore, admissible under the new evidentiary you know, five-day deadline, when were those requested again?" *Id*. at 101. The ALJ and Plaintiff's counsel discussed the outstanding medical records that had been requested and counsel indicated that one set of those requested records, the records from St. Elizabeth Medical Health Center, were received but not transferred into the record as an exhibit at that time. *Id*. at 101-102. When the ALJ asked Plaintiff's counsel if the only records that they were waiting for were "additional clinic records from April 7th on," Plaintiff's counsel responded that she had already requested those records either the day of or the day before the 5-day letter that she sent to the ALJ. *Id*. at 102-103. Plaintiff's counsel further indicated that the records would be forthcoming in the subsequent two weeks. *Id*. at 103.

In his decision, the ALJ set forth the regulations in effect at the time of his decision, 20 C.F.R. §§404.935(a) and 416.1435(a), which hold that if a claimant wants written evidence to be considered at his hearing, he must inform the ALJ about the evidence no later than five business days before the date of the scheduled hearing. Tr. at 10, citing 20 C.F.R. §§ 404.935(a) and 416.1435(a). The ALJ cited these regulations as further providing that if a claimant misses the five-day deadline:

> but submits or informs the Administrative Law Judge about written evidence before the hearing decision is issued, I will accept the evidence if: (1) an action of the Social Security Administration misled the claimant; (2) the claimant had a physical, emotional, educational, or linguistic limitation(s) that prevents submitting or informing the Administrative Law Judge about the evidence earlier, or (3) some other unusual, unexpected or unavoidable circumstance beyond the claimant's control prevented the claimant from submitting or informing the Administrative Law Judge about the evidence earlier.

*Id.* The ALJ continued that Plaintiff had submitted or informed him about additional written evidence in accord with the regulations and he therefore found the regulations satisfied and admitted that evidence into the record. *Id.*

Plaintiff in this case does not challenge any of the ALJ's findings or his determination regarding the five steps for determining his entitlement to DIB and/or SSI. Rather, he attaches to

his merits brief a copy of two documents dated June 8, 2017 from Dr. Gorodeski, his treating cardiologist at the Cleveland Clinic. ECF Dkt. #15-1. Plaintiff challenges the ALJ's failure to mention, consider, or evaluate these June 8, 2017 documents.

The first document from Dr. Gorodeski is a form titled, "Medical Statement Regarding Heart Failure," "Condition Prior to 6/30/2015 and Continuing" where Dr. Gorodeski check-marked that Plaintiff had the following symptoms: "dyspnea on mild exercise; enlarged heart; inability to carry on any physical activity, ventricular dysfunction manifested by S3; decreased left ventricular ejection fraction shown by appropriate imaging techniques. Indicate the percentage: 36%; marked limitation of physical activity, as demonstrated by fatigue, palpitation, dyspnea, or anginal discomfort on ordinary physical activity even thou[sic] the individual is comfortable at rest." ECF Dkt. #15-1 at 4. He further wrote "n/a" as to the number of hours that Plaintiff could work per day, and he circled 15 minutes and 30 minutes, respectively, as to how many minutes Plaintiff could stand at one time and sit at one time. *Id*. Dr. Gorodeski handwrote at the bottom of the form, "Patient is not able to work" and he signed the form and dated it June 8, 2017. *Id*.

The second document that Plaintiff attached to his merits brief is captioned "Off-Task/ Absenteeism Questionnaire" and is also signed by Dr. Gorodeski with a date of June 8, 2017. *Id.* at 5. The form's first question asks Dr. Gorodeski if based upon his treatment and knowledge of Plaintiff, whether Plaintiff would likely be off-task at least 20% of the time. *Id*. There is a box to check "yes" or "no." Neither box is checked. *Id*. However, immediately below this question is a number of boxes and asks that Dr. Gorodeski check-mark the listed reasons why Plaintiff would be off-task if the "yes" box was check-marked. *Id*. Dr. Gorodeski check-marked the box that stated that Plaintiff's underlying mental and physical impairment(s) established by objective and clinical findings would cause him to be off-task and he underlined "physical impairment(s)." Dr. Gorodeski also checked the "inability to concentrate, pay attention and/or focus on a sustained basis" box and wrote in "unable to concentrate, cognitive issues." *Id*. Dr. Gorodeski checked the box "Drowsiness and/or need to lie down and rest or sleep" and he checked the box "Side effects of medication" and handwrote next to it "severe drowsiness, fatigue, lightheadedness" next to it. *Id.* He also

checkmarked "about 3x's a month" in response to how many time he anticipated Plaintiff's impairments or treatment would cause him to be absent from work. *Id.* Dr. Gorodeski also indicated that the severity of Plaintiff's limitations existed since at least August 3, 2012. *Id.*

Plaintiff notes that the other medical records from the Cleveland Clinic and St. Elizabeth Health Center that he submitted after the ALJ hearing were marked as exhibits and considered by the ALJ. However, he complains that the ALJ did not indicate in his decision whether he received the opinion evidence from Dr. Gorodeski, the ALJ did not mark this evidence as exhibits, and he neither mentioned nor indicated that he considered this opinion evidence. ECF Dkt. #15 at 11-14. Plaintiff contends that this violated 20 C.F.R. §§ 404.935 and 416.1435, which became effective on January 17, 2017. *Id.* at 13. He submits that at the hearing, the ALJ indicated that his counsel satisfied the new regulations by submitting a letter on May 3, 2017 indicating the existence of outstanding medical records from the Cleveland Clinic and St. Elizabeth Health Center. *Id.* Plaintiff asserts that since the ALJ found that his counsel satisfied the regulations, the ALJ should have admitted, considered and evaluated these documents, since Dr. Gorodeski is a physician at the Cleveland Clinic. *Id.*

Defendant asserts that the ALJ was not required to consider Dr. Gorodeski's documents because they were newly created documents did not exist at the time of the hearing when the ALJ found that Plaintiff's counsel satisfied the regulations regarding outstanding Cleveland Clinic documents. ECF Dkt. #18 at 4-7. Defendant further submits that Plaintiff has failed to point to any circumstances that prevented him from obtaining Dr. Gorodeski's opinion at an earlier date. *Id.* Defendant concludes that the ALJ "reasonably and properly declined to admit that evidence or consider it as part of his decision." *Id.* at 7.

20 C.F.R. §§ 404.935 and 416.1435, effective January 17, 2017, are entitled "Submitting written evidence to an administrative law judge" and provide the following, in relevant parts:

> a) When you submit your request for hearing, you should also submit information or evidence as required by § 404.1512 or any summary of the evidence to the administrative law judge. Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement,

the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply:

(b) If you have evidence required under § 404.1512 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:

(1) Our action misled you;

(2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or

(3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:

(i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;

(ii) There was a death or serious illness in your immediate family;

(iii) Important records were destroyed or damaged by fire or other accidental cause; or

(iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

20 C.F.R. §§ 404.935, 416.1435.

In the instant case, Plaintiff attaches to his reply brief a letter that was sent by his counsel to the ALJ dated May 3, 2017 in which Plaintiff's counsel indicated, in compliance with 20 C.F.R. §§404.935(a) and 416.1435(a), that she was notifying the ALJ that evidence had been requested from, *inter alia*, the Cleveland Clinic. ECF Dkt. #19-1. Plaintiff's counsel indicated in the letter that the requested records had not yet been received and it was unknown whether they would be available at least 5 days before the ALJ hearing. *Id.* Plaintiff attaches to his merits brief a copy of the submission summary from SSA showing that Dr. Gorodeski's June 8, 2017 opinions were uploaded to the ALJ on June 9, 2017, 18 days before the ALJ's decision was issued. ECF Dkt. #15-1. Plaintiff is correct that the ALJ did not acknowledge that he received this opinion evidence and he did not address it in his decision, even to determine whether it complied with the appropriate regulations. It is unclear to the Court whether the letter from Plaintiff's counsel to the ALJ and the discussions had by the ALJ and Plaintiff's counsel at the hearing includes requests for opinion

evidence from Dr. Gorodeski.  Without an acknowledgment by the ALJ of receipt of this opinion evidence from Dr. Gorodeski or an  explanation as to why this evidence was not considered, the Court cannot ascertain whether the evidence made it into the record, whether ALJ received the evidence, or whether he considered it and found that it did not comply with the regulations.  It appears that this opinion evidence was submitted to the SSA well before the ALJ made his decision as it was uploaded by Plaintiff's counsel on June 9, 2017 and the ALJ made his decision on June 27, 2017.  ECF Dkt. #15-1; Tr. at 23.  The ALJ's failure to acknowledge or address Dr. Gorodeski's opinion evidence or in his decision is not harmless error because it may have an impact on the ALJ's decision, if it is deemed to be a part of the record  and therefore part of the record that the ALJ must consider.

## VI.    CONCLUSION

For the above reasons, the Court REVERSES the decision of the ALJ and REMANDS that instant case to the ALJ in order to address the opinion evidence that Plaintiff submitted from Dr. Gorodeski dated June 8, 2017 in conjunction with the May 3, 2017 letter submitted to the ALJ and in accordance with 20 C.F.R. §§404.935(b) and 416.1535(b).


Date: September 23, 2019                          _____*/s/George J. Limbert*_____
                                                  GEORGE J. LIMBERT
                                                  UNITED STATES MAGISTRATE JUDGE